UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In the Matter of the Extradition of | : | Hon. Rukhsanah L. Singh, U.S.M.J. |
| | : | |
| YECHIEL YEHOSHUA FARKASH | : | Mag. No. 26-14012 |
| a/k/a YECHIEL FARKAS | : | |
| | : | **Filed Under Seal** |

**RECEIVED**

APR 14 2026

**COMPLAINT FOR PROVISIONAL ARREST
WITH A VIEW TOWARD EXTRADITION**
(18 U.S.C. § 3184)

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

I, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1. In this matter, I represent the United States in fulfilling its treaty obligation to Israel.

2. There is an extradition treaty in force between the United States and Israel. *See* Convention on Extradition Between the Government of the United States of America and the Government of the State of Israel, U.S.-Isr., Dec. 10, 1962, 14 U.S.T. 1707 (the "Convention"), *as amended by* Protocol Between the Government of the United States and the Government of the State of Israel Amending the Convention on Extradition Signed at Washington, D.C. on December 10, 1962, U.S.-Isr., July 6, 2005, S. TREATY. DOC. NO. 109-3 (2005) (the "Protocol"; together with the Convention, the "Treaty").

3. The Treaty provides in Article XI for the provisional arrest and detention of alleged fugitives pending the submission of a formal request for extradition and supporting documents.

4. In accordance with Article XI of the Treaty, the Government of Israel has asked the United States for the provisional arrest of Yechiel Yehoshua Farkash a/k/a Yechiel Farkas ("Farkash") with a view toward extradition.

5. According to the information the Government of Israel has provided, Farkash is accused of (1) attempted rape, in violation of Section 345(a)(1) of Israel's Penal Law ("IPL"), together with IPL Section 25; (2) indecent acts through abuse of authority and educational relationship, in violation of IPL Section 348(d)(1); and (3) indecent acts against a minor under the age of sixteen without free consent, in

violation of IPL Section 348(b) in the circumstances described in IPL Section 345(b)(1).

6.    These offenses were committed within the jurisdiction of Israel. On December 10, 2025, Judge Zippora Giloni-Gez of the Tel Aviv-Yafo Magistrate's Court signed a warrant to arrest Farkash for these offenses. That warrant remains valid and enforceable.

7.    According to the information the Government of Israel has provided, victim and witness statements reflect the following:

### Victim 1

a.    Between 2020 and 2023 (the "relevant period"), Victim 1 (born June 2006) was a student in Torat Hahayim Yeshiva (the "*yeshiva*"), an educational institution for ultra-Orthodox boys in Bnei Brak, Israel. Victim 1 resided in Keren Hayeled boarding school (the "boarding school").

b.    During the relevant period, Farkash acted as the Pedagogical Director of the *yeshiva*. As such, Farkash managed logistical aspects, including assigning work to the students. Additionally, Farkash was a teacher and assisted students who were having difficulties in their studies.

c.    Farkash gave Victim 1 extra attention, relative to other students, and summoned Victim 1 to Farkash's office often. In addition, Farkash offered to buy clothing for Victim 1 and gave him money for that purpose.

d.    On multiple occasions between June 2021 and October 2023, Farkash called Victim 1 to his office. There, Farkash would hug Victim 1 from the front or from the back. On some occasions, Farkash pressed his erect genitalia against Victim 1's body.

e.    On approximately June 9, 2022, Farkash and Victim 1 visited the Knesset (Israel's Parliament), in honor of Victim 1's approaching his 16th birthday. During the drive, Farkash touched Victim 1 near his lower abdomen and his genitalia. When Victim 1 resisted, Farkash reminded Victim 1 of the items Farkash had purchased for him, and Victim 1 stopped resisting. In an elevator at the Knesset building, Farkash hugged Victim 1 and pressed his genitalia against Victim 1's body. On the same day, after returning to the *yeshiva*, Farkash called

Victim 1 to his office, where Farkash hugged Victim 1, pressed his genitalia against Victim 1's body, touched his own genitalia, and then touched Victim 1's genitalia over his clothes.

      f.  In approximately August 2022, Farkash took Victim 1 to a bed and breakfast in the Jerusalem area. During the stay, Farkash played pornography on the television, seated Victim 1 on his lap, hugged Victim 1, soaped Victim 1's body, and touched Victim 1's genitalia under his underwear. While Farkash did this, Victim 1 stated that he wanted a smartphone. Farkash responded that Victim 1 could request anything from him at the moment, and that Farkash would permit Victim 1 to use WhatsApp Web.

      g.  Farkash and Victim 1 then entered the hot tub in their underwear. Farkash placed Victim 1's head on Farkash's genitalia. Next, Farkash pressed his genitalia against Victim 1's buttocks and between his legs, trying to achieve sexual release. Farkash kissed Victim 1 and touched his buttocks under his underwear. Victim 1 resisted. Farkash stated that next time would be easier. Farkash grabbed Victim 1's head and kissed him on the mouth. Farkash followed Victim 1 into the shower and kissed him.

      h.  In approximately September 2022, Farkash, Victim 1, and another minor went to a water park in Holon, Israel. There, Farkash entered a hot tub with Victim 1 and touched Victim 1's genitalia.

      i.  In approximately October 2022, Farkash invited Victim 1 to sleep over in an apartment that Farkash rented near his home in Rehovot, Israel. In the apartment, on at least four occasions, Farkash touched Victim 1's genitalia, over and under Victim 1's clothes.

      j.  Also during the relevant period, Farkash took Victim 1 out to eat. On the drive back to the *yeshiva*, while Victim 1 was eating, Farkash touched Victim 1's body.

      k.  On an unspecified date, in or around 2023, Farkash rented a room for himself and Victim 1 During their stay, Farkash instructed Victim 1 to sit on Farkash's lap in the jacuzzi, telling Victim 1 not to be "ungrateful." Victim 1 complied. Later, while both were on the bed, Farkash inserted his penis through Victim 1's boxer briefs, rubbed it against Victim 1's buttocks, and attempted to

3

penetrate Victim 1's anus. Victim 1 resisted. This angered Farkash, who grabbed and shook Victim 1 and repeatedly attempted to penetrate Victim 1's anus. Farkash changed their body positions periodically and made persistent attempts to achieve anal penetration. Victim 1 continued to resist. At some point during the incident, Farkash, while wearing boxer briefs, pressed his penis against Victim 1's mouth, and subsequently placed Victim 1's hand on Farkash's penis. Farkash then asked Victim 1 to remove his underwear so that Farkash could see his genitals, and Victim 1 complied. On the way back to the vehicle, Farkash hugged and kissed Victim 1. During the drive, Farkash touched Victim 1, and eventually stopped the vehicle to continue touching Victim 1, inserting his hand into Victim 1's underwear, touching Victim 1's buttocks, and kissing Victim 1 on the mouth.

l.  On approximately June 9, 2023, Farkash told Victim 1 that he intended to celebrate Victim 1's 17th birthday. Subsequently, Farkash rented a room in the Bnei Brak area, where Farkash, Victim 1, and another minor arrived. In the room, Farkash and the other minor changed into bathing suits, while Victim 1 removed his clothing and remained in boxer briefs. Farkash screened a pornographic film on the television, and later touched Victim 1's body and genitals over his clothing. Farkash then returned Victim 1 to the boarding school, hugged him, and left.

m. On a later date not precisely known, Victim 1's counselor at the boarding school asked Victim 1 to purchase a cake for the counselor's wife's birthday. Farkash agreed to drive Victim 1 to get the cake. During the drive, Farkash grabbed Victim 1 by the jaw, kissed Victim 1 on the mouth, and touched Victim 1's genitals over his clothing.

n.  Victim 1 confided in a staff member at the boarding school concerning Farkash's actions.

### Victim 2

a.  During the relevant period, Victim 2 (born April 2008) was a student in the *yeshiva*.

b.  On an unspecified date in December 2022, Farkash overheard others discussing Victim 2's sweater and offered to purchase a sweater for Victim 2. Although Victim 2 expressed reservations, Farkash insisted. They drove from the

4

*yeshiva* to a shopping center. Farkash drove the vehicle, while another minor sat in the front passenger seat and Victim 2 sat in the center of the rear seat. During the drive, Farkash reached out and stroked Victim 2's leg and moved up to Victim 2's groin, repeatedly telling Victim 2 that he loved him.

      c. At the shopping center, Farkash asked Victim 2 to select a sweater for Farkash to purchase. Victim 2 stated that he did not find a sweater he liked in the store. Farkash approached Victim 2, stroked his neck, told him he loved him, and insisted on finding a sweater that would please Victim 2. Subsequently, Farkash and Victim 2 went to additional stores in the shopping center. While walking between stores, Farkash stroked Victim 2's neck and placed his hand on Victim 2's abdomen. Victim 2 removed Farkash's hand and stated that these actions were unpleasant to him.

      d. Thereafter, Farkash took Victim 2 out to eat. On their way back, he continued to place his hand on Victim 2's body.

8.     Farkash departed Israel on January 4, 2024 – shortly after the investigation commenced.

9.     Article II of the Treaty covers the offenses of which Farkash is accused.

10.    Farkash may be found within the jurisdiction of this Court at an address in Lakewood, New Jersey.

11.    The Government of Israel has represented that it will submit a formal request for extradition supported by the documents the Treaty specifies, and within the time the Treaty requires.

12.    Farkash likely would flee if he learned of the existence of a warrant for his arrest.

WHEREFORE, the undersigned requests that a warrant for the arrest of Farkash issue in accordance with 18 U.S.C. § 3184 and the Treaty, and that this complaint and the warrant be placed under the seal of the Court, except as disclosure is needed for its execution, until such time as the warrant is executed.

Sammi Malek
Assistant United States Attorney

Attested to by telephone pursuant to F.R.C.P. 4.1(B)(2)(A) on this 14th day of April, 2026.

Rukhsanah L. Singh
United States Magistrate Judge