

**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

*970 Broad Street, 7th floor*            973-645-2700
*Newark, New Jersey 07102*

April 27, 2026

<u>VIA ECF AND EMAIL</u>

Hon. Rukhsanah L. Singh, U.S.M.J.
United States Magistrate Judge
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building and U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

> Re:    *In re Extradition of Yechiel Yehoshua Farkash a/k/a Yechiel Farkas,*
> Mag. No. 26-14012

Dear Judge Singh:

The United States respectfully submits this letter to advise the Court as to the status of the extradition request by the Government of Israel with respect to fugitive Yechiel Yehoshua Farkash a/k/a Yechiel Farkas ("Farkash" or the "fugitive").

Article XI of the 1952 extradition treaty between the United States and Israel (the "Treaty") provides, in relevant part, as follows:

> 1.  In case of urgency, the Requesting Party may request the provisional arrest of the person sought pending presentation of the extradition request and supporting documents. A request for provisional arrest may be transmitted through the diplomatic channel or directly between the United States Department of Justice and the Israel Ministry of Justice.
>
> […]
>
> 4. A person who is provisionally arrested may be discharged from custody upon the expiration of **60 days** from the date of provisional arrest if the executive

> authority of the Requested Party has not received the extradition request and supporting documents as required in Article X of the [Treaty].

(Emphasis added). In other words, where, as here, the fugitive has been provisionally arrested and detained, the Treaty gives the Government of Israel 60 days to submit a formal extradition request to the U.S. Department of State, or the Court may elect to release the fugitive pending further proceedings. The 60 days begin from the date the fugitive is taken into custody—in this case, April 17, 2026—meaning that the Government of Israel has until June 16, 2026 to submit its extradition request. (Unlike a provisional arrest request, which is directly transmitted by the Government of Israel to the Department of Justice (*see* Treaty, Article XI), the formal extradition request must be submitted to the State Department (*see id.*, Article X).)

The Office of International Affairs of the Department of Justice ("OIA") has invited Israeli authorities to submit an extradition request with supporting documentation before the Treaty deadline, if possible. Additionally, OIA has advised the undersigned Assistant United States Attorney that once the State Department receives a formal extradition request with supporting documentation, it typically takes approximately two weeks for the State Department to: (1) review the package for compliance with the Treaty; (2) issue a declaration, which would serve as an exhibit if this matter progresses to a contested extradition hearing, attesting to matters including receipt of a properly certified extradition request; and (3) transmit the package to the Department of Justice for filing with the Court. At that time, the United States will, in turn, promptly submit the same to the Court and request a pre-hearing briefing schedule and an extradition hearing date.

In light of the above-described procedures, the United States respectfully requests that the Court order another status update from the United States, to be filed within one business day of the undersigned receiving confirmation that the State Department has received the extradition request from the Government of Israel – by June 17, 2026, at the latest. The United States, through communication

with OIA, will make every effort to expedite the transmission of the extradition request to this Court once it is received from the Government of Israel.

Respectfully submitted,

ROBERT FRAZER
United States Attorney

By:    Sammi Malek
Assistant U.S. Attorney

Cc: Benjamin West, Esq., counsel for Yechiel Yehoshua Farkash (via ECF and email)

- 3 -